IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARL YOUNG                                                                                    PLAINTIFF

v.                                                        Civil Action No.: 4:16-cv-00066-MPM-JMV

BOARD OF SUPERVISORS OF HUMPHREYS
COUNTY, MISSISSIPPI et al.                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration on Plaintiff Carl Young's *Motion for Summary Judgment on the Issue of Defendants' Liability* (the "Motion") [40]. Defendants Board of Supervisors of Humphreys County, Mississippi ("the Board") and Board president "Dickie" Stevens have each filed a *Response* to the Motion [54][56], to which Plaintiff filed a *Rebuttal* [58]. The Court has considered the Motion, Responses, and Rebuttal, as well as relevant case law and evidence, and is now prepared to rule.

Young commenced this action by filing his *Complaint* against Humphreys County Board of Supervisors, Board President "Dickie" Stevens, and unknown John Does 1-5, based upon what he argues was the unlawful condemnation and subsequent taking of three of his properties in Humphreys County. Young claims a violation of his due process under the 14th Amendment, further claiming that Defendants are in violation of state law and are liable under 42 U.S.C. § 1983. Plaintiff asserts claims of trespass to property and conversion of property against the Defendants. Defendant Stevens has offered qualified immunity as a defense to the claims against him. On June 1, 2017, Plaintiff moved for Summary Judgment on the issue of the Defendants' liability, which is the instant motion before the Court.

**Standard**

A. **Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

B. **Qualified Immunity Standard**

The doctrine of qualified immunity shields a governmental official from civil liability for damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). It is well established that a defendant who "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion" thereby places the burden on the plaintiff to "rebut

this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir.1997). The defendant "need only plead his good faith, which then shifts the burden to the plaintiff[…]."*Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)(internal citations omitted). The plaintiff must then "rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law." *Id.* at 262. Further, "[t]he plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Id.* at 262.

## Discussion

Returning to the motion at hand, the Plaintiff must show that there is no genuine issue of material fact in order to prevail. In addition, the inferences drawn from the circumstantial evidence "must be the only ones which reasonably could be drawn from the evidence presented." *Mississippi Valley Gas Co. v. Estate of Walker*, 725 So. 2d 139, 145 (Miss. 1998). In his motion, the Plaintiff argues that Charles Edwards informed Mr. Young "that he could do no further work on his properties *until Mr. Young met with the Board of Supervisors on October 5, 2015*." (emphasis added). However, Defendant Humphreys County asserts in their Response that "Defendant Stevens then instructed Mr. Edwards to post a sign on the properties that work could not continue *until the owner contacted the Board of Supervisors*." (emphasis added). Defendant adds that Young did not contact the Board after speaking with Mr. Edwards. This difference, between stopping work until October 5th or stopping work until speaking with the Board, is material to understanding if the stop in work was brief, and also if the Plaintiff did anything to mitigate his alleged damages. This material fact is not the only dispute between the parties, as other conflicting material facts are also at issue.

Further, in his Rebuttal, the Plaintiff insinuates that Defendant Stevens operated maliciously, acting against the Plaintiff because they were political rivals. It appears this claim is unsubstantiated and amounts to a mere conclusory allegation, upon which this court cannot grant summary judgment. In addition, the Motion concludes that "Defendant Stevens had no legal right to take such actions." Although Stevens has not filed any Motion for Summary Judgment on the basis of his qualified immunity, he has asserted qualified immunity as a defense, and represents that his actions were in the service of the public. Once qualified immunity is asserted as a defense, "the plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations" and must "demonstrate genuine issues of material fact regarding the reasonableness" of the conduct at issue. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). As the Plaintiff relies on conclusory allegations and the material facts of this case are in conflict, this Court denies the Plaintiff's *Motion for Summary Judgment*.

## Conclusion

"[S]ummary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party." *Simmons v. Ford Motor Co.*, 2006 WL 3760521, at *2 (S.D. Miss. Dec. 15, 2006) (citing *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Based on the evidence provided, the Court finds that a rational jury could rule in Defendants' favor, making summary judgment improper.

Accordingly, it is hereby ORDERED that Young's *Motion for Summary Judgment* [40] is DENIED.

SO ORDERED, this the 23rd day of August, 2017.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**