**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CARL YOUNG**                                                                               **PLAINTIFF**

**v.**                                                      **Civil Action No.: 4:16-cv-00066-MPM-JMV**

**BOARD OF SUPERVISORS OF HUMPHREYS
COUNTY, MISSISSIPPI et al.**                                                      **DEFENDANT**


## ORDER

This matter comes before the court on Defendant "Dickie" Stevens' motion to dismiss for lack of jurisdiction [61], or, in the alternative, motion for summary judgment. The court has considered the motion, as well as the relevant case law and evidence, and is now prepared to rule.

### Procedural History

On December 28, 2017, this court granted the co-defendant Board of Supervisors' motion to dismiss for lack of subject matter jurisdiction with respect to the takings claim, but denied the motion with respect to the remainder of the Plaintiff's claims. Like his co-defendant's previous motion, Stevens argues that the cause at hand is not ripe for litigation, and, as such, should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant Stevens' instant motion to dismiss mirrors that of the Board's earlier motion, and, as such, the analysis would be nearly identical. However, Defendant Stevens' motion also includes, in the alternative, a motion for summary judgment and raises the defense of sovereign immunity. The court now considers this portion of the motion.

**Standard**

Summary judgment is appropriate when there is "no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and evidence are taken in a light most favorable to the non-moving party. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but […] must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

The doctrine of qualified immunity shields a governmental official from civil liability for damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006). The court follows a two-pronged analysis to determine whether a defendant is entitled to qualified immunity, inquiring (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right and, (2) whether the constitutional right was clearly established at the time the conduct occurred. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

It is well established that a defendant who "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion" thereby places the burden on the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith,* 117 F.3d 866, 871-72 (5th Cir. 1997). "The plaintiff bears the burden of negating the defense and cannot rest on conclusory assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the official's conduct." *Gatson v. Winston County, Miss.* 2014, WL 585810, at *5 (N.D. Miss. 2014)(internal citations omitted). Therefore, it is the plaintiff, rather than the defendant, who must do most of the "heavy lifting" in the qualified immunity context.

## Discussion

In addition to Defendant Stevens' motion to dismiss for lack of jurisdiction, Stevens also moves, in the alternative, for summary judgment, raising the defense of qualified immunity. The court follows a two-pronged analysis to determine whether a defendant is entitled to qualified immunity, inquiring (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right and, (2) whether the constitutional right was clearly established at the time the conduct occurred. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

First, the court considers whether the Stevens meets the first prong, and whether the facts alleged in the pleadings demonstrate that his conduct violated a constitutional right. Plaintiff alleges that Stevens violated his 14th Amendment rights by depriving Plaintiff of his property without due process. Plaintiff states as much with the following: "by denying Mr. Young the opportunity for notice and a hearing prior to taking action, Mr. Young was denied his due process

rights as guaranteed by the Fourteenth Amendment."[1] The court is not convinced that such an act is a violation of Plaintiff's 14th Amendment right to due process, however, for the sake of further analysis, the court will consider the Plaintiff's argument as well-taken.

However, the court must secondly consider the next prong of qualified immunity—whether the constitutional right violated was "clearly established" when the conduct in question occurred. Plaintiff argues that because Mississippi law explicitly provides a legal path for a county board of supervisors to condemn a property through a hearing process, Stevens knew or should have known that it would violate Plaintiff's right to due process. However, this point is unclear to the court. The court does not believe that a clearly established constitutional right was violated solely because Stevens chose to have a notice placed on the door of the Plaintiff's residence. Furthermore, the notice is not signed by Stevens, and it is not completely clear that the notice posted is the exact notice that Stevens instructed to be posted or intended to have posted, though he has not argued to the contrary.

In addition, the statements by the Plaintiff regarding Stevens' actions amount to mere conclusory allegations, with respect to whether or not the posting of the notice actually violated any clearly established constitutional right. While the actions by Stevens might be against the Mississippi statute regarding appropriate actions by a board of supervisors in a similar circumstance, Plaintiff does not demonstrate specifically how the actions of Defendant Stevens were a violation of those laws, nor how the actions were violations of any clearly established constitutional right. The Plaintiff cannot rely merely on conclusory allegations, but must specifically dictate how Stevens violated a clearly established constitutional right in order to overcome qualified immunity, and Plaintiff has failed to do so.

---

[1] Plaintiff's Memorandum in Response [72], page 4.

Accordingly, it is hereby ORDERED that Defendant Stevens' motion for summary judgment is GRANTED.

SO ORDERED, this the 30th day of January, 2018.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**