IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARL YOUNG                                                         PLAINTIFF

VS.                                    CIVIL ACTION NO.: 4:16cv66-MPM-JMV

BOARD OF SUPERVISORS OF HUMPHREYS
COUNTY, MISSISSIPPI; R.D. "DICKIE" STEVENS
(IN BOTH HIS OFFICIAL AND INDIVIDUAL
CAPACITIES); AND JOHN DOES 1-5                   DEFENDANTS

PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF HIS
MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Plaintiff Carl Young submits this Memorandum Brief in support of his Motion for Award of Attorneys' Fees and Expenses.

**Overview**

On June 6, 2018, a unanimous jury returned a verdict in favor of Plaintiff and against Defendant Humphreys County Board of Supervisors in the amount of $25,000 on his Section 1983 claim (document # 92). The Clerk's Judgment was filed the next day (document # 93).

Plaintiff now moves the Court to (a) award him attorneys' fees and expenses under applicable federal law and (b) then enter a Final Judgment in his favor for that amount, plus the amount of the jury verdict.

1

## Law Governing Attorneys' Fees

With respect to Plaintiff's successful claim under Section 1983, the right to recover attorneys' fees is granted by 42 U.S.C. § 1988(b).

Although the statute grants the court discretion to award attorneys fees, "prevailing plaintiffs are entitled to attorneys' fees unless special circumstances render an award unjust." *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. 1981).

"Although a district court's grant or denial of attorneys' fees is reviewable only for abuse of discretion, the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow." *Id*.

It should be noted that the standards for awarding attorneys' fees pursuant to Section 1983 and pursuant to Title VII are identical. *The Barnes Foundation v. The Township of Lower Merion*, 242 F.3d 151, 158 n. 6 (3rd Cir. 2001). As a result, cases interpreting one statute may be used to interpret the other. *Id.*

## Plaintiff was a "prevailing party."

With respect to his claim against the Humphreys County Board of Supervisors, Plaintiff was a "prevailing party." He obtained a jury verdict against the County.

On the other hand, Plaintiff did not prevail on the claim he asserted against Dickie Stevens, individually. In this regard, the undersigned note that

before submitting this Motion, they went through their fee statements and deleted entries that they believed were applicable only to the pursuit of the claim against Mr. Stevens, individually.

This could not be carried out with perfection, of course, because much of the facts and law governing Plaintiff's claim against the County were also relevant to the claim against Mr. Stevens, individually.

The undersigned can simply state that they are not seeking to recover any fees or expenses that were solely applicable to the pursuit of the claim against Mr. Stevens.

### What is a Reasonable Attorneys' Fee Award?

In 1974, the Fifth Circuit adopted a twelve factor test for determining the reasonableness of attorneys' fees awards in a Title VII case. Since then, the *Johnson* factors have been widely used by other courts in other federal civil rights cases, and they are now a well-established part of the law.

The *Johnson* factors are the following:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to the acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The undesirability of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

Pursuant to *Johnson*, the court should first determine a lodestar figure equal to the number of hours reasonably expended (which is item (1) of the *Johnson* factors) multiplied by the prevailing hourly rate in the community for similar work (which is item (5) of the *Johnson* factors).

This figure is known as the "lodestar" amount. This lodestar is then to be adjusted upward or downward to reflect any of the other ten *Johnson* factors. *Jackson v. Color Tile, Inc.*, 638 F.Supp. 62, 64 (N.D. Miss. 1986). All of these factors should be considered by the Court in determining the amount of a reasonable attorney's fee award.

Let us now analyze the *Johnson* factors, one at a time:

(1) **The time and labor required**. This is the first of the two factors that are initially used to determine the "lodestar" amount. Although hours spent on a case should not be the sole basis for determining a fee, they are a necessary ingredient to be considered. *Johnson*, 488 F.2d at 717. "The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities."

In the present case, the attorneys for Plaintiff have submitted itemized records of the time spent on this case. They reflect 53.1 hours (at $275 an hour) worked by S. Craig Panter and 22.8 hours (at $95 an hour) worked by Mr. Panter's paralegals. *See* Affidavit of S. Craig Panter, Exhibit "A" to Plaintiff's Motion.

Mr. Stutzman's fees statement reflect 94.5 hours (at $175 an hour) for his time. *See* Affidavit of Ronald E. Stutzman, Jr., Exhibit "B" to Plaintiff's Motion.

The hourly rate of Mr. Stutzman is lower than that of Mr. Panter due to the latter's more "senior" status with the Bar.

That having been said, the undersigned fully recognize that given the amount of the jury verdict (which was less than 50% of the damages Plaintiff was requesting), they ended up with too much time in this case.

5

They are not asking, therefore, that the Court award them the full amount of those fees and expenses. They expect a substantial reduction in those fees and expenses.

(2) **The novelty and difficulty of the questions**. This was not a particularly difficult case to litigate. As the Court may recall from the jury instruction session, however, there was substantial disagreement between the parties as to the applicable law.

Plaintiff suggests that this factor does not warrant any change to the lodestar figure.

(3) **The skill requisite to perform the legal service properly**. "The trial judge should closely observe the attorneys' work product, his preparation, and general ability before the court." *Johnson*, 488 F.2d at 718. "The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration." *Id.*

The trial judge may rely upon his own knowledge in determining the experience, skill, reputation and performance of the plaintiff's attorneys. *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1081 (10th Cir. 1998).

In the present case, the undersigned are reluctant to advocate for their own skills. Under applicable law, this Court (having seen the performance of

6

Plaintiff's counsel) may determine whether their performance warrants a change to the lodestar figure.

(4) **The preclusion of other employment by the attorney due to acceptance of the case**. The undersigned do not contend that they had to turn away any other clients as a result of the representation of the Plaintiff in this case.

(5) **The customary fee**. This is the second factor for determining the "lodestar" amount. This refers to the customary fee "for similar work in the community." *Johnson*, 488 F.2d at 718.

"The establishment of hourly rates and awarding attorneys fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Gudenkauf*, 158 F.3d at 1082.

The undersigned submit that the hourly rates they have requested are reasonable and in keeping with rates charged by other lawyers for similar legal work.

The law recognizes and accepts the fact that more experienced lawyers usually receive compensation at a higher hourly rate. *Johnson*, 488 F.2d at 718-719. Mr. Panter has been a member of the bar since 1985. Mr. Stutzman was admitted to the bar in 2004.

7

(6) **Whether the fee is fixed or contingent**. The fact that a case was handled on a contingency fee basis justifies a greater, not a lesser, award. *Domingo v. New England Fish Company*, 727 F.2d 1429, 1147 (9th Cir. 1984).[1]

The undersigned agreed to represent the Plaintiff on a contingency fee basis. Their fee is 40% of any recovery, plus expenses. *See* Affidavit of Ronald E. Stutzman, Jr.

(7) **Time limitations imposed by the client or the circumstances**. This factor is intended to address priority work that causes the lawyer to lose other legal work. Such priority work is entitled to "some premium." *Johnson*, 488 F.2d at 718.

In the present case, there were no particular time limitations imposed on the undersigned. This case proceeded in the normal course of discovery and trial.

(8) **The amount involved and the results obtained**. In the present case, Plaintiff was only partially successful in the pursuit of his claim against the County. At trial, the jury was asked to return a verdict of approximately $59,000. Instead, they chose to return a verdict for $25,000.

---

[1] In *Johnson*, the Fifth Circuit stated that the fee award should never be more than any contingency fee that the plaintiff agreed to pay her lawyer. *Johnson*, 488 F.2d at 718. In 1989, however, the United States Supreme Court abrogated that portion of the *Johnson* decision. The Supreme Court rejected the notion that the amount of the contingency fee created a "ceiling" on the amount of fees that could be awarded. *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989). As a result, the court may award more than or less than the amount of the contingency fee the Plaintiff agreed to pay his lawyers.

8

(9) **The experience, reputation and ability of the attorneys**. This factor seems to be somewhat duplicative of the third factor (the "skill requisite to perform the legal services properly"). The law allows this Court to draw its own conclusions about these matters and to adjust the lodestar figure accordingly.

(10) **The undesirability of the case.** The law recognizes that civil rights attorneys sometimes "face hardships in their communities because of their desire to help the civil rights litigant." This did not occur in the present case.

(11) **The nature and length of the professional relationship with the client**. This factor recognizes that some lawyers in private practice vary their fees for clients with whom they have had a long-standing relationship. *Johnson*, 488 F.2d at 719. For example, a lawyer might charge a lower rate to a long-standing client.

In the present case, this is the only matter the undersigned have handled for Plaintiff.

(12) **Awards in similar cases**. "The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719.

The undersigned defers to the Court on its experience in this issue.

9

**Litigation Expenses**

Out-of-pocket expenses incurred by the attorneys in representing a plaintiff in this type of civil rights litigation are also recoverable. All reasonable out-of-pocket expenses, including charges for travel, are plainly recoverable because they are part of the costs normally charged to a fee-paying client. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 396 (5th Cir. 2003).

In light of the foregoing, Plaintiff also requests that he be awarded litigation expenses of $1466.34 as set forth in the Affidavit of Ronald E. Stutzman, Jr.

(Please note that the expenses shown on Mr. Stutzman's fee statement are $3261.57. The difference between the two figures is the amount of taxable costs already submitted on Plaintiff's Bill of Costs).

**Conclusion**

In light of the foregoing, Plaintiff requests an award of attorney's fees of not less than $15,000, as well as expenses in the amount of $1466.34.

Respectfully submitted, this the 20th day of June, 2018

        CARL YOUNG

        */s/ S. Craig Panter*
        S. Craig Panter

        */s/ Ronald E. Stutzman, Jr.*
        Ronald E. Stutzman, Jr.

S. Craig Panter (MB # 3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, MS 39110
Telephone: (601) 607-3156
Facsimile: (877) 442-7002
cpanter@craigpanterlaw.com

Ronald E. Stutzman, Jr. (MB #101454)
106 Luckney Station, Suite B
Flowood, MS 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

## **CERTIFICATE OF SERVICE**

I, S. Craig Panter, do hereby certify that I have this day filed the foregoing document with the Clerk of the ECF system which will provide electronic notification of such filing to all counsel of record.

This the 20th day of June, 2018.

*/s/ S. Craig Panter*
S. Craig Panter
