IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CARL YOUNG**                                                                                        **PLAINTIFF**

**V.**                                                                                        **NO.: 4:16CV66-M-V**

**BOARD OF SUPERVISORS OF HUMPHREYS**                                    **DEFENDANTS**
**COUNTY, MISSISSIPPI**

### ORDER

This matter comes before the Court on plaintiff Carl Young's *Motion for Award of Attorneys' Fees and Expenses* [96]. Defendant Humphreys County has responded in opposition to the amount requested in the motion. Having considered the submissions of the parties, along with relevant case law and evidence, the Court is now prepared to rule.

Young commenced this lawsuit in the Circuit Court of Humphreys County alleging, *inter alia*; Count 1, that Defendant Humphreys County condemned his property without granting him a hearing in violation of Miss. Code Ann. §19-5-105; Count 2, that Defendant Humphreys County committed conversion and trespass against his property; Count 3, that Defendant Stevens violated his property rights, entitling him to relief under 42 U. S. C. §1983; and Count 4, that Defendant Humphreys County violated his property rights entitling him to relief under 42 U. S. C. §1983. The first three Counts were dismissed or abandoned prior to trial.

On June 6, 2018, Young obtained a unanimous jury verdict against Humphreys County in the amount of $25,000 on his §1983 claim addressed in Count 4. The Clerk's Judgment was filed on June 7, 2018. Young has requested this Court to grant an award of attorney's fees of not less than $15,000, as well as expenses in the amount of $1,466.34. Humphreys County does not have

an issue with the $1,466.34 expense fee. However, the County has requested this Court to examine the degree of Young's success and find that an award of not more than $12,000 in attorney's fees is reasonable.

### I. Attorney's Fee Award

Young's right to recover attorney's fees for his successful claim under §1983 is governed by 42 U.S.C. §1988(b).[1] In order to recover attorney's fees under §1988(b), a plaintiff must be a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Both parties acknowledge that Young obtained a partially successful outcome by prevailing on his §1983 claim against Humphreys County but ultimately lost on his other claims. In *Sanchez v. City of Austin*, 774 F.3d 873, 879-79 (5th Cir. 2014), the Court held that "a court may award reduced fees to plaintiffs that are prevailing parties but have lost on some claims." The amount recovered, however, "must be determined on the facts of each case." *Hensley*, 461 U.S at 429.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. This *lodestar calculation* is the centerpiece of attorney's fee awards. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Once the Court computes the lodestar calculation, it may then consider other factors to determine if the calculation is accurate. *Eckerhart*, 461 U.S. at 434 (1983).

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained."

---

[1] Section 1988(b) provides that: "In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b).

> This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? *Id.*

Young states in his Memorandum that he is only requesting fees in relation to his prevailing §1983 claim against Humphreys County. These fees, according to the time entries Young submitted to this Court, total $33,277.25 without expenses. The Court recognizes through its familiarity with the cost of similar work in the area that the hourly rates Young has requested are reasonable. However, the Court, as well as both parties, acknowledge that the total requested fee amount is excessive given Young's partial success in obtaining a jury award. Accordingly, it is up to the Court to adjust that fee by determining the extent of reasonableness associated with counsel's efforts in this case.

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. *Id.* at 437, 38.

In exercising this discretion, the Court would first note that many of the facts and law associated with Young's successful §1983 claim against Humphreys County were also relevant to his unsuccessful claims. Thus, the Court will not attempt to identify specific hours that should be eliminated. Rather, the Court will base its determination on the overall level of Young's success. *See Sanchez*, 774 F.3d at 880 ("the degree of the plaintiff's overall success goes to the reasonableness of the award."); *Eckerhart*, 461 U.S. at 440 ("where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.").

Young initially requested an award of $59,000 and obtained an award of only $25,000. This level of success accounts for roughly 42.5% of the initial award request. Young now requests this Court to award him attorney's fees of not less than $15,000 and expenses of $1,466.34. The Court finds this to be a valid request in light of the $25,000 result obtained. The Court also notes that when a reasonably similar percentage as the level of success achieved is calculated from $33,277.25, the total amount of fees outlined in the time entries, the result would amount to roughly $15,000 in attorney's fees. Moreover, the Court recognizes that further briefing was necessary after the time entries were submitted and has factored this into its decision. Additionally, the request for $1,466.34 in expenses is not disputed by Humphreys County. Therefore, the Court also finds this request to be a reasonable determination of expenses.

Accordingly, it is therefore ORDERED that Humphreys County shall pay Young attorney's fees in the amount of $15,000 as well as expenses in the amount of $1,466.34.

SO ORDERED this the 8th day of August, 2018.

                                                                        **/s/ MICHAEL P. MILLS**
                                                                        **UNITED STATES DISTRICT JUDGE**
                                                                        **NORTHERN DISTRICT OF MISSISSIPPI**